# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KALWINDER S. BAJWA,
                 Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                 Agency.

DOCKET NUMBER
SF-0353-15-0126-I-1

DATE: September 2, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Samuel Cisneros, Hayward, California, for the appellant.

Deborah C. Winslow, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant alleged that the agency denied him restoration to duty for the period from September 17, 2014, to January 12, 2015, following his partial recovery from a compensable injury.[2]  The appellant is a Mail Processing Clerk who sustained an on-the-job injury to his lower back in 2003, for which he has received compensation from the Office of Workers' Compensation Programs.  A medical report issued by the appellant's treating physician on September 12, 2014, stated that, beginning September 17, 2014, the appellant could perform light‒duty work on a part‒time basis with significant medical restrictions.  The treating physician issued an updated report on September 24, which stated that the appellant's condition had worsened and declared that the appellant had reached maximum medical improvement.  The physician submitted another medical note on September 29, which indicated that the appellant could do sedentary work for 2 hours with no standing or walking.  Following a new medical report dated January 5, 2015, in which the appellant's medical

---

[2] The information in this paragraph is taken from the initial decision and is not in dispute.

restrictions were lessened, the agency offered the appellant a limited-duty assignment, which he accepted on January 12, 2015.

¶3        The administrative judge found that the appellant was entitled to a jurisdictional hearing because he had made nonfrivolous allegations of jurisdiction.  Initial Appeal File (IAF), Tab 52, Initial Decision (ID) at 5-6.  The administrative judge found that three of the jurisdictional requirements were established; namely, that:  (1) the appellant was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work with less demanding physical duties than those previously required of him; and (3) the agency denied his request for restoration.  ID at 16-17.  The issue was whether that denial was arbitrary and capricious during the period from September 17, 2014, to January 12, 2015.  Following the jurisdictional hearing, the administrative judge found that the agency had fulfilled its obligation to make every effort to restore the appellant to a position within his medical restrictions and within the local commuting area.  In so finding, the administrative judge examined numerous types of work assignments that the appellant had contended were available—certified mail for which second notices needed to be issued, undeliverable bulk business mail (UBBM), nixie mail work,[3] post office box work, answering phones or performing secretarial work, and work in the mark-up section—and found that no work within the appellant's medical restrictions was available during the period at issue.  ID at 17-21.  In making these findings, the administrative judge made credibility determinations, including ones based on the demeanor of witnesses.  *Id.*

---

[3]  According to Wikipedia, nixie mail is mail that is undeliverable as addressed. https://en.wikipedia.org/wiki/Nixie_(postal).

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency did a proper search and found no work within the appellant's medical restrictions.

*Certified Mail, UBBM, Post Office Box, and Mark-up Work*

¶4    We observe that the appellant's petition for review makes no direct challenges to the administrative judge's findings concerning the availability of several types of work:  certified mail for which second notices needed to be issued, UBBM mail work, post office box work, and work in the mark-up section. He does, however, allege that the administrative judge's credibility determinations regarding a particular supervisor (B.M.)[4] are wrong, arguing that B.M. contradicted himself by stating that he did not have clear medical restrictions for the appellant on September 16, 2014, but that he conducted a search for work within the appellant's medical restrictions the same day.  Petition for Review (PFR) File, Tab 1 at 3.  As indicated in the agency's response, PFR File, Tab 3 at 5-6, there is nothing contradictory about finding the appellant's statements of his limitations less than clear and making a search based on what the supervisor believes the limitations to be.[5]  Even if there were some basis for challenging B.M.'s credibility in one respect, the administrative judge described the testimony of the pertinent witnesses in detail, ID at 8-16, made thorough findings explaining why he found some witnesses more credible than others, and relied in part on the demeanor of the witnesses, ID at 16-21.  Nothing in the

---

[4] Supervisors' initials are used rather than full names.

[5] The notes and reports provided by the appellant's treating physician were not entirely consistent with one another.  On September 12, 2014, the physician said the appellant was no longer totally disabled and could return to work, albeit with significant restrictions.  IAF, Tab 8 at 30-31.  On September 24, 2014, the physician stated that the appellant's condition had worsened, increased his work restrictions, and declared that the appellant had reached maximum medical improvement.  *Id.* at 25‑28.  On September 29, the physician stated that the appellant could do sedentary work for 2 hours with no standing or walking.  IAF, Tab 14, Exhibit A6.  On January 5, 2015, the physician indicated that the appellant's condition had improved and lessened the applicable work restrictions.  IAF, Tab 48 at 4.

appellant's petition for review leads us to question the administrative judge's findings that there was no available work within the appellant's restrictions as to certified mail for which second notices needed to be issued, UBBM mail work, post office box work, and work in the mark-up section, and we affirm those findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (indicating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

*Nixie and Telephone Work*

¶5　　The appellant challenges the administrative judge's findings as to nixie work and telephone work. PFR File, Tab 1 at 3-4. Regarding nixie mail, the administrative judge cited E.O.'s and B.M.'s testimony that nixie work was beyond the appellant's medical restrictions. ID at 18. He also cited B.M.'s testimony that assigning nixie work to the appellant would be inappropriate, as someone other than the appellant would need to be assigned to move the mail after the appellant had performed whatever work could be done on it while sitting. *Id.* The appellant argues that the agency should not have precluded him from performing nixie work "merely because assigning this work to him would necessitate double handling of the mail with someone else doing the tasks the appellant could not do," citing a court decision for the proposition that an accommodation may not be considered unreasonable merely because it requires the employer to assume "more than a de mimimis cost." PFR File, Tab 1 at 3 (citing *Lyons v. Legal Aid Society*, 68 F.3d 1512 (2d Cir. 1995)).

¶6　　Citing a disability discrimination case such as *Lyons* is not particularly pertinent to this case because, as the administrative judge noted, the concept of an "affirmative defense" does not apply to a restoration appeal; an appellant's claims of discrimination should be understood as an alternative way to show that the denial of restoration was arbitrary and capricious. *Latham v. U.S. Postal Service*,

117 M.S.P.R. 400, ¶ 58 n.27 (2012).[6]  Moreover, the appellant has not cited any reason to conclude that having other employees assist him in nixie work would involve no more than a de minimis cost.

¶7      The administrative judge found that "no work was available answering phones or performing secretarial work, as that work was already being performed by supervisors or the clerk assigned to it."  ID at 19.  However, the appellant argues that a Local Memorandum of Understanding requires assignments to accommodate injured clerks, including telephone work.  PFR File, Tab 1 at 4.  In so concluding, the administrative judge relied not only on B.M.'s testimony that telephone work was assigned to the supervisors, but also cited E.O.'s testimony that no work answering phones was available as the supervisors answered their own phones.  ID at 15-16.  We conclude that the appellant has not shown that telephone work was available.

The appellant's other contentions of error are without merit.

¶8      The appellant notes that B.M.'s certification of his efforts to find work for the appellant included the name of another employee along with his own, and contends that this shows that the agency "has virtually no evidence that a search for work was ever conducted for him."  PFR File, Tab 1 at 2-3.  The administrative judge addressed this matter in the initial decision, noting that B.M. testified that the inclusion of the other employee's name was a mistake that occurred because the certification form is in an electronic format but that B.M. prepared the form specifically for the appellant using his current medical restrictions, not the other employee's.  ID at 13 n.11.  The appellant has not shown reversible error in this regard.

---

[6] The absence of disability discrimination as an affirmative defense negates the appellant's contention that the agency failed to honor its obligation to engage in an interactive process with him.  PFR File, Tab 1 at 3-4.  "Interactive process" is a term of art relating to claims of disability discrimination.  29 C.F.R. § 1630.2(o)(3); *see Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 13 (2015); *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 21 (2014).

¶9      The appellant contends that the agency did not to perform its obligations by failing to conduct further searches for work after receiving additional medical information from him on September 29.  PFR File, Tab 1 at 3.  The administrative judge credited B.M.'s testimony that no other search was conducted after the agency received additional medical information from the appellant following the September 24, 2014 report because no subsequent reports (until January 2015) indicated that he could perform additional work.  ID at 13.  The appellant has offered no reason to question that conclusion.  Accordingly, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[7]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

---

[7] In the initial decision, the administrative judge provided the appellant with mixed-case appeal rights.  Based on the disposition of this case, such review rights are not appropriate. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 22 (2015).  The proper appeal rights are provided here.

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.